UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM LOGAN,

        Petitioner,                  Case Number 15-12104
                                                      Honorable David M. Lawson

v.

DAVID REYNOLDS,

        Respondent.

_____/

**<u>OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITION
FOR WRIT OF HABEAS CORPUS</u>**

Adam Logan filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is being held by the Porter County, Indiana Sheriff in Valparaiso, Indiana awaiting extradition to Detroit, Michigan to answer for a state criminal charge pending against him there. Logan asks the Court to order either that he be extradited immediately, or that he be released so he can surrender himself to Michigan authorities. After reviewing the petition, it appears that Logan has not exhausted his state court remedies, which a prisoner must do before applying to the federal courts for habeas corpus relief. Therefore, under Rule 4 of the Rules Governing § 2254 Cases, the Court will dismiss the petition without prejudice.

I.

According to the petition, Logan was charged with a crime in Michigan sometime before March of this year. He says the case was dismissed on March 17, 2015 because the victim did not cooperate in the prosecution, and he was allowed to return to Indiana. He says that he was not notified that a warrant was reissued, either by state authorities or his attorney, to whom he owes

money. He had been held in Indiana for seven days at the time he filed his petition, and he believes that the Detroit authorities do not plan to extradite him immediately.

From the petition, it appears that the federal court is the first place Logan has turned to lodge his complaint about the delay. He has not attempted, so it appears, to obtain relief from the authorities of Michigan or Indiana.

II.

When a habeas corpus petition is filed the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court will dismiss the petition summarily. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions under habeas statutes in addition to § 2254. Rule 1(b), Rules Governing Section 2254 Cases.

Section 2241, Title 28 United States Code confers upon federal courts jurisdiction to consider habeas corpus petitions filed by pretrial detainees, such as Logan. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). However, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Ibid.* Under the doctrine of comity, federal courts will avoid unwarranted intrusion into state court proceedings so as to reduce friction between state and federal court systems, allowing state courts the opportunity to correct a constitutional violation in the first instance. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842

(1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Ibid.*

The petitioner has not alleged that he has exhausted his state-court remedies concerning the extradition proceedings. Michigan and Indiana have enacted the Uniform Criminal Extradition Act (UCEA). Mich. Comp. Laws § 780.1 *et. seq.*; Ind. Code § 35-33-10-3 (1988). The UCEA establishes extradition procedures "to facilitate the administration of justice between states." *Barton v. Norrod*, 106 F.3d 1289, 1295 (6th Cir. 1997). Claims alleging that a state has failed to comply with the requirements of the UCEA are properly filed in the asylum state, in this case, Indiana.

If the petitioner means to argue that his right to a speedy trial has been abridged, he also must seek relief first in the state courts. *See Atkins*, 644 F.3d at 546-47 (holding that although a federal court may consider a pretrial habeas corpus petition in certain circumstances, including one where a petitioner seeks a speedy trial, the petitioner must exhaust the speedy trial claim before seeking habeas relief). The petitioner can exhaust this claim in state court by filing a pretrial motion and, if the motion is denied, filing an interlocutory appeal. *See People v. Reid*, 113 Mich. App. 262, 268 (1982); *Jenkins v. Montgomery County Jail*, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition filed by pretrial detainee alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and require demonstration of "great urgency." *Urquhart v. Brown*, 205 U.S. 179, 182 (1907); *Smith v. Evans*, No. 08-11188,

2008 WL 880007, *2 (E.D. Mich. March 31, 2008).  The petitioner has explained that he needs to get back to work and care for his two-year-old son.  But that need does not excuse his obligation to seek relief in the state court systems first, nor does it justify interference by this Court in a matter pending in state court.

III.

The claims raised in the habeas petition are unexhausted and therefore do not present grounds upon which this Court may grant habeas relief at this time.  The petition will be dismissed without prejudice.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

                                          s/David M. Lawson
                                          DAVID M. LAWSON
                                          United States District Judge

Dated:   July 20, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2015.

                          s/Susan Pinkowski
                          SUSAN PINKOWSKI

---